Philip Vignoli and Workmen's Compensation Appeal Board v. Mathies Coal Company and Commonwealth of Pennsylvania. Mathies Coal Company, Appellant.

Argued October 29, 1976, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Edward C. Schmidt,* with him *Andrew Rose,* and *Rose, Schmidt and Dixon,* for appellant.

*Amiel B. Caramanna, Jr.,* with him *Albert S. Diaz, Mary Ellen Krober,* Assistant Attorney General, and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., February 28, 1977:

This appeal comes to us as the result of a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's denial of benefits to Philip Vignoli (Claimant).

On October 25, 1974, Claimant filed a claim petition alleging that he had become totally disabled due to his "exxposure [sic] to dusts while working in the coal mines" of Mathies Coal Company (Mathies) and as a result of the exposure, had incurred "anthracosilicosis and/or coal worker's pneumoconiosis." After hearings held on March 18 and May 6, 1975, the ref-

eree assigned to the case made the following finding of fact which states, in part:

    4. The claimant has simple coal worker's pneumoconiosis and he is not totally and permanently disabled therefrom.

The referee reiterated this finding within his conclusions of law, denied benefits to Claimant, and dismissed the claim petition. In his appeal to the Board, Claimant disputed the referee's findings and pointed to medical testimony which he believed supported his notion of the existence of total and permanent disability. The Board, although agreeing that substantial competent medical evidence was presented to support the finding of the referee denying total disability, nevertheless concluded that the referee also should have considered the possibility of partial disability. The Board, therefore, remanded the case to the referee so that necessary findings of fact relevant to a determination of partial disability could be made.

Mathies has appealed contending that remand is improper, that any argument on behalf of Claimant as to partial disability has been waived, and finally that the referee implicitly ruled out any possibility of partial disability in his findings of fact.

Claimant has filed no motion to quash but, for reasons hereinafter related, we must consider whether, in its present context, an appeal may properly lie from the Board's order to remand.

Generally, it is recognized that an order remanding a case to a referee is interlocutory and that an appeal therefrom is premature. *Workmen's Compensation Appeal Board v. E-C Apparatus Corp.*, 20 Pa. Commonwealth Ct. 128, 339 A.2d 899 (1975). In *E-C Apparatus, supra*, it was noted that caution must be exercised so as not to shortcut the administrative process, and that only in very unusual circumstances will an appeal lie from an order to remand.

4

To date we have carved out two exceptions to this general rule and have entertained appeals where a remand would have served no judicial purpose. In *United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973), we granted an appeal and set aside a remand order of the Board where the record showed that no other conclusion could be supported but that of the referee, and the only purpose to be served by a rehearing was delay. In *Riley Stoker Corp. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973), we vacated a remand order where the record established that the appeal from the referee's order had not been timely filed. Clearly, the exception in *Riley Stoker Corp., supra,* has no application to this case. As to the exception in *Zindash, supra,* a closer look is warranted.

It has long been recognized that the workmen's compensation system is socially oriented and The Pennsylvania Workmen's Compensation Act[1] should be liberally construed in order to effectuate the basic social and remedial purposes of the law. *Workmen's Compensation Appeal Board v. Hartlieb,* Pa. , 348 A.2d 746 (1975). Construing Claimant's arguments before the referee and Board with this in mind, it would distort the intent of the legislature if Claimant's partial disability would be denied based upon a theory that he had waived his right to relief by limiting his formal claim to total disability. Obviously, the latter encompasses the former. Furthermore, a careful review of the record convinces us that a finding of partial disability was possible, and so, it cannot be said that "no other conclusion could be supported but that of the referee." Therefore, following the path of *Zindash, supra,* we hold that the instant

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

appeal is from an interlocutory order and must be quashed.

Moreover, our disposition is appropriate notwithstanding Claimant's failure to raise the motion to quash since our consideration is limited by statute to appeals from final orders of administrative agencies. Section 403 of the Appellate Court Jurisdiction Act of 1970.[2] Therefore, having decided that the order to remand is interlocutory, we are compelled to quash this appeal on our own motion and consideration by us of the issue of the validity of the remand order is unnecessary.

Accordingly, we

### ORDER

AND Now, this 28th day of February, 1977, this appeal is hereby quashed and the record is remanded to the Workmen's Compensation Appeal Board for further proceedings not inconsistent with this opinion.

---

[2] Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.403.