Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Jacob Barron *v.* G.M. & W. Coal Co. and Old Republic Companies, Appellants.

Argued February 4, 1977, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*George H. Thompson,* with him *Hirsch, Weise & Tillman,* for appellant.

*Eugene A. Creany,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, March 7, 1977:

Jacob Barron was employed by the G.M. & W. Coal Co. as a maintenance and general utility man. His usual duties consisted of maintaining the conveyor belt lines in the employer's mine, and spreading rock dust whenever needed to keep the coal dust at safe levels. In addition to those duties Mr. Barron had, until three weeks prior to his injury on September 14, 1973, performed fire inspections which required him to walk two or three miles through the mine each morning before reporting for his regular shift at 7:00 o'clock A.M.

When performing his maintenance and utility duties, the claimant frequently had the assistance of a

helper. On September 14, 1975, he had no helper to assist him. Shortly after arriving at the conveyor belt area to begin work on that day, Mr. Barron felt dizzy. He rested at an air course for approximately twenty minutes and the dizziness left. He returned to work, spread a fifty pound bag of rock dust and cleaned the conveyor belt. While spreading the contents of another bag of rock dust, he "felt a pain coming on," fainted, regained consciousness and again fainted. He was placed on a stretcher unconscious and taken out of the mine and immediately to a hospital. Mr. Barron has been unable to return to work.

After many examinations, it was determined that Mr. Barron was suffering from a somewhat rare disease called sick sinus syndrome, a disease of the sinus node, a minute part of the heart which functions as a natural pacemaker.

The referee found that Mr. Barron's illness arose in the course of his employment and was related thereto and awarded compensation for total disability. The Workmen's Compensation Appeal Board affirmed and the present appeal by G.M. & W. Coal Co. followed.

The question of whether or not the claimant suffered a compensable injury is controlled by Section 301(c)(1) of The Workmen's Compensation Act (Act),[1] which reads as follows:

The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury; and wherever death is men-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1).

tioned as a cause for compensation under this act, it shall mean only death resulting from such injury and its resultant effects, and occurring within three hundred weeks after the injury. The term 'injury arising in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

In *Workmen's Compensation Appeal Board v. Jeddo Highland Coal Company,* 19 Pa. Commonwealth Ct. 90, 93, 338 A.2d 744, 746 (1975), an award was sought for a fatal heart attack. Judge MENCER reviewed the 1972 amendments to Section 301(c)(1) of the Act and concluded that:

[I]t is no longer necessary for a claimant to prove an 'accident' in order for his injury to be compensable. The Legislature, by deleting the word 'accident' from Section 301(c) and substituting for it the word 'injury' in the other sections, has made it clear that injuries sustained by employes after May 1, 1972 are com-

pensable if (1) they arise in the course of employment and (2) are related thereto.

Mr. Barron's injury clearly arose in the course of his employment. The referee's finding, uncontradicted by any evidence, was that the injury occurred while Mr. Barron was performing his usual duties in the mine. Since Section 301(c)(1) of the Act specifically provides that an injury sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer is one arising in the course of his employment, the initial requirement for compensability under Section 301(c)(1) is here present.

It is the second requisite under Section 301(c)(1), that the injury be related to the claimant's employment, which is in issue. In *Jeddo, supra,* we held that medical testimony that a heart attack was caused by the claimant's physical activity at work, met the requirement. The employer argues that no such causal connection was, or could have been, shown by the claimant here.

The testimony adduced before the referee established that coal mining and the activities in which the claimant was engaged on September 14, 1973 did not cause his disease of sick sinus syndrome. However, one of Mr. Barron's treating physicians testified unequivocally that the physical exertion which the claimant expended on September 14, 1973 caused the diseased sinus node to malfunction and produced the symptoms of dizziness and loss of consciousness. The claimant testified that both episodes of dizziness experienced on September 14, 1973 occurred after significant physical exertion and that he was performing duties normally assigned to two men on that day. The employer called as a medical witness the eminent heart specialist who first correctly diagnosed Mr. Barron's condition as sick sinus node, who said that the disease was not work-related but that the ''attack'' on September 14, 1973 was triggered by his activities that day.

We hold that all of the testimony adequately proved a causal connection between the claimant's work and the resulting disabling symptoms of his heart disease.

The employer argues that Mr. Barron's injury should not be compensable because the disease which affected the sinus node was not caused by and therefore not related to claimant's employment. But this is true in many cases of heart attack. The fact that the claimant has a preexisting heart condition is not disqualifying if work-related exertion causes the victim of such conditions to have a heart attack. *Borough of Aliquippa v. Mansuetti*, 18 Pa. Commonwealth Ct. 340, 336 A.2d 450 (1975).

The employer finally says that the testimony of the claimant's physician, in relating the cause and effect of the disease was couched in such equivocal, indecisive terms that it fails to satisfy the substantial competent evidence test. For the reasons stated we, of course, disagree.

Accordingly we

## ORDER

AND Now, this 7th day of March, 1977, we hereby affirm the decision of the Workmen's Compensation Appeal Board of June 10, 1976, and hereby order that the employer, G.M. & W. Coal Co. and/or its insurance carrier be and it is directed to pay to the claimant, Jacob Barron, compensation at the rate of $100.00 per week beginning September 14; 1973 and to continue at said rate in accordance with the provisions of the Act in effect at the time of the accident.

It is further directed that the defendant employer and/or its insurance carrier shall be responsible for all reasonable medical and hospital bills within the limitations of The Pennsylvania Workmen's Compensation Act as to time and amount.

That claimant is entitled to interest at the rate of 10% on the above award.