Barnes and Tucker Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Frank Sewalish, Respondents.

Argued September 28, 1978, before Judge MENCER, BLATT and CRAIG, sitting as a panel of three.

*Robert G. Rose,* with him *Spence, Custer, Saylor, Wolfe & Rose,* for petitioner.

*Gerald Long,* with him *Blair V. Pawlowski* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE MENCER, January 25, 1979:

Frank Sewalish (claimant) was employed as a wireman for Barnes and Tucker Company (employer). Claimant's job involved lifting 200-pound sections of wire. On June 11, 1974, while engaged in this strenuous work, claimant experienced severe chest pains. He was taken to a hospital where his condition was misdiagnosed as "bursitis" and he was cleared to return to work. Claimant continued to experience milder chest pains until July 27, 1974, when the pain became so severe he was again forced to stop working. He was again taken to the hospital where his chest pains were correctly recognized as manifestations of a heart condition. Claimant was referred to a heart specialist, Dr. Siroos Samadani, who determined that claimant was suffering from coronary artery disease (atherosclerosis). One of claimant's arteries was almost totally occluded, and another was 70 percent occluded. Dr. Samadani performed a vein-bypass operation to improve claimant's circulation, and his recovery was regarded as good. However, claimant

will not be able to return to strenuous work in the foreseeable future.[1]

A referee awarded workmen's compensation benefits to the claimant, the Workmen's Compensation Appeal Board affirmed, and the employer's appeal to this Court followed.

The employer has raised only one issue: "[w]hether the Referee's finding that claimant's disability from coronary artery disease is causally related to his employment with the defendant is supported by sufficient, competent evidence." We think that the evidence amply supports the finding. Dr. Samadani testified repeatedly and unequivocally that, in his opinion, the strenuous work which claimant was performing aggravated the coronary artery disease to the point of disabling the claimant on July 27, 1974. This unequivocal testimony is certainly sufficient to support the referee's finding of a causal relationship between the claimant's employment and his disability. *See Workmen's Compensation Appeal Board v. G. M. & W. Coal Co.*, 29 Pa. Commonwealth Ct. 138, 370 A. 2d 386 (1977). The employer argues that what Dr. Samadani *meant* to say was that the strenuous work simply resulted in chest pains which were merely symptoms of the disease.[2] Dr. Samadani did state that the claimant's exertion resulted in his chest pains, but he also stated that the exertion aggravated the disease itself, not merely the symptoms.[3]

---

[1] There is no evidence that claimant ever suffered a heart attack.

[2] The employer's contention that Dr. Samadani "misused the word 'aggravated' or perhaps does not well understand the English language" is totally lacking .in support from the record.

[3] We note that the only issue raised by the employer is the substantial-evidence question discussed in the text. The employer has not raised the purely legal question of whether or not the claimant suffered an "injury" within the meaning of Section 301

Accordingly, we make the following

ORDER

AND Now, this 25th day of January, 1979, the order of the Workmen's Compensation Appeal Board, dated September 15, 1977, is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of Frank Sewalish and against Barnes and

(c) (1) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1). That section provides, *inter alia*, that

[t]he terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated *by the injury*. . . . (Emphasis added.)

Thus, the aggravation of a disease, the origin of which is not related to employment, is specifically included within the circular definition of "injury" only where the disease is aggravated *by an injury*. It is difficult to see what "injury" has aggravated claimant's coronary heart disease. At best, Dr. Samadani's testimony was that claimant's normal work duties aggravated his condition. However, the term "injury" must be given a liberal construction, and the gradual deterioration of a preexisting condition may in itself be considered an "injury" as long as the deterioration is unequivocally linked to the claimant's employment. *See generally Workmen's Compensation Appeal Board v. Bernard S. Pincus Co.*, 479 Pa. 286, 388 A.2d 659 (1978) (heart attack an "injury") ; *Creighan v. Firemen's Relief and Pension Fund Board*, 397 Pa. 419, 155 A.2d 844 (1959) (comparing common meaning of "injury" with more restrictive definition in earlier versions of Section 301(c)) ; *Plasteel Products Corp. v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 405, 379 A.2d 908 (1977) (aggravation of an occupational disease is itself an "injury" within meaning of Section 301(c) (1)) ; 1 A. Barbieri, *Pennsylvania Workmen's Compensation and Occupational Disease* §§3.05-.06 (1975) ; 1A A. Larson, *The Law of Workmen's Compensation* §42.11 (1973). Since this issue has not been raised, our affirmance of the Board's grant of benefits should not be construed as resolving it.

Tucker Company, in the amount of $106 per week, beginning July 28, 1974 and continuing until such time as disability changes in nature or extent or ceases and terminates, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.