City of Altoona and Pennsylvania Manufacturers' Association Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John P. Mirobelli and Commonwealth of Pennsylvania, Respondents.

Argued December 3, 1979, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Alan R. Krier,* of *Jubelirer, Carothers, Krier & Halpern,* for petitioners.

*Thomas G. Peoples, Jr.,* for respondent.

OPINION BY JUDGE BLATT, March 14, 1980:

The City of Altoona and the Pennsylvania Manufacturers' Association Insurance Company (petitioners) appeal here from an order of the Workmen's Compensation Appeal Board (Board) upholding a referee's award of disability benefits to John P. Mirobelli (claimant).

The claimant had been employed until 1976 by the City of Altoona as a fireman and had a history of heart trouble beginning in October of 1972 when he suffered a myocardial infarction while in the course of employment. He received disability compensation for this injury until August of 1973, when, upon the improvement of his heart condition, he returned to his duties as an Altoona fireman. On April 18, 1976, in the course of his work at a major fire, he suffered severe chest pains, lost consciousness, and was hospitalized. He remained in the hospital for four days and his medical tests revealed no evidence of another myocardial infarction but he continued to experience chest pains and did not return to work. On January 7, 1977, he filed a claim for disability benefits alleging that he had suffered a myocardial infarction while fighting the fire on April 18, 1976.

The petitioners contend that the referee's finding that the claimant suffered a compensable injury on April 18, 1976 was not based on substantial evidence. In particular, they argue that the testimony of the

claimant's physician, Dr. Marvin Meisner, clearly indicates that the claimant did not suffer a myocardial infarction on the date in question.

While our examination of the record does indicate that the evidence given was that the claimant did not suffer a myocardial infarction at that time, we believe, nevertheless, that there was substantial evidence for the referee's finding that the claimant then suffered some disabling heart injury other than an infarction, and that this entitled him to benefits.[1]

The issue here is essentially that there was a variance between what the claimant alleged in his claim petition and what he proved at the hearing. The claim petition alleged that he suffered an infarction yet his physician at the hearing testified that he had suffered an indistinct heart injury other than an infarction. The physician's testimony was in part as follows:

[S]omething about the heart had to change because after that time in April he had chest pain with exertion. This was angina-type pain. [This is] indicative of a diminished blood supply to some part of the heart to the point where he really could no longer perform. . . .

. . . .

I don't know for sure what happened to his coronary arteries. I only know afterwards he developed a problem much more than before. . . .

. . . .

[P]rior [to the episode] he was performing very well at work, after that I feel on returning to that job he just might die on the job from

---

[1] In an analogous case, our Supreme Court held that where unequivocal medical testimony established that a claimant's disability flowed from one of two compensable injuries, the claimant was not required to establish unequivocally which injury was the cause of the disability. *Halaski v. Hilton Hotel*, 487 Pa. 313, 409 A.2d 367 (1979).

> stress, either emotional or physical stress, and
> I no longer felt secure in allowing him to return.
> . . .

The physician also testified that, as a result of the claimant's "cardiac episode" of April 18, 1976, he doubted that the claimant could perform even sedentary job functions, believing that the claimant would probably be permanently disabled and that even slight exertion or emotional stress on his part would provoke severe chest pains thus making it impossible for him to function as required.

Because the pleadings in workmen's compensation cases are to be construed liberally, we believe that the claimant is not precluded from receiving benefits. *Vignoli v. Mathies Coal Co.,* 29 Pa. Commonwealth Ct. 1, 369 A.2d 908 (1977). As we observed in *Royal Factories, Inc. v. Garcia,* 17 Pa. Commonwealth Ct. 59, 62, 330 A.2d 864, 866 (1975): "[It] is well settled that strictness of pleading in workmen's compensation cases is not required, and a petition presented under an improper section will be deemed to have been presented under the proper section." Similarly, where, as here, the variance between the injury alleged and the injury proved is not so great as to suggest that the initial claim was made in bad faith, such a variance will not affect the claimant's case.

Despite the fact, therefore, that the claimant failed to allege the correct heart injury he had suffered, the referee was nevertheless not precluded from finding that the claimant had suffered some disabling injury to his heart in the course of his employment, and, because the referee's findings are clearly based on substantial evidence, they must be affirmed.

### Order

And Now, this 14th day of March, 1980, the order of the Workmen's Compensation Appeal Board in the

182

above-captioned case is hereby affirmed and judgment is entered in favor of the claimant, John P. Mirobelli, and against the City of Altoona and its insurance carrier, Manufacturers' Association Insurance Company, in the amount of $158.04 per week beginning April 19, 1976 to the present, to continue until the temporary total disability of the claimant ceases within the meaning of the applicable law, with interest on deferred payments at the rate of ten percent per annum. It is further directed that the City of Altoona and its insurance carrier pay the following amounts: $786.70 to Blue Cross, representing expenses paid to Altoona Hospital; and $241.00 to Dr. Marvin Meisner; and $403.80 to Downtown Drug Company of Altoona, Pennsylvania.

President Judge BOWMAN did not participate in the decision in this case.

Judge DiSALLE did not participate in the decision in this case.