Penn Cambria School District and Pennsylvania Manufacturers' Association Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Kenneth R. Carruthers, Respondents.

Argued May 7, 1980, before Judges WILKINSON, JR., CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Edward G. Kuyat, Jr., Kuyat & Walker,* for petitioners.

*Timothy P. Creany,* for respondents.

OPINION BY JUDGE CRAIG, June 18, 1980:

Penn Cambria School District (employer) and its insurance company appeal from the opinion and order of the Workmen's Compensation Appeal Board affirming the referee's determination that claimant Kenneth Carruthers had suffered a compensable injury and was totally disabled as of August 15, 1976.

Claimant had been employed as a custodian with employer for aproximately nine years. Between August 2 and August 12, 1976, claimant spent his 7:00 a.m. to 3:00 p.m. shifts removing the entire contents of one of the district schools to various locations throughout the district. This move required claimant to load and unload boxes and furniture, drive up to four trips a day totaling one hundred miles on some days, unload the truck at the various sites and unpack and carry the furniture to various locations throughout the particular school.

Claimant testified that, while involved in this move, he began experiencing chest pains on August 10 or 11. The record shows that, on August 13, reporting to his regular custodial duties, claimant felt rundown and tired and continued to experience some chest pain. Saturday, August 14, claimant reported to work for a routine building tour, basement through third floor, for a damage and security check, and continued to experience chest pains, although he completed his shift. On Monday Claimant reported to work, having experi-

enced chest pains throughout the weekend, and checked all of the floors as he had on Saturday. However, because the chest pains were continuing and "were getting much worse", claimant reported to the secretary that he was going to see his physician, Dr. Kirby.

After being seen by Dr. Kirby, his family physician, claimant reported to Mercy Hospital on August 17. After the hospital examination, claimant returned to Dr. Kirby who informed claimant that he was totally disabled.

On appeal here, employer contends that claimant failed to meet his burden of proving that he sustained a compensable injury under Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act), 77 P.S. §411(1).[1]

Pertinent to that contention, Section 301(c) provides that:

> The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury; . . . .

Thus, there must be (1) an injury (2) in the course of employment, which injury is (3) related causally to that employment.

As to the first element, employer asserts that claimant proved only that he had chest pain, and that such a condition is not a compensable injury under the Act. Employer alleges that the record establishes only that claimant is disabled due to his arteriosclerotic heart disease.

---

[1] Act of June 2, 1915, P.L. 736, *as amended.*

On direct questioning Dr. Kirby testified unequivocally that the "angina pectoris or pain in his chest was precipitated by his heavy lifting. He had of course, preexisting disease but the actual pain was precipitated by the work."

In *Workmen's Compensation Appeal Board v. G. M. & W. Coal Co.,* 29 Pa. Commonwealth Ct. 138, 370 A.2d 386 (1977), we held that, where physical exertion caused the employee's pre-existing diseased sinus node to malfunction, resulting in disabling symptoms of dizziness and loss of consciousness, there was a compensable injury within the terms of the Act. See also our recent decision in *City of Altoona v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 178, 411 A.2d 1322 (1980).

The fact that the underlying disease which affected claimant's heart was not caused by claimant's employment is not disqualifying where work-related exertion causes the victim of such conditions to have a heart attack or suffer other "resulting disabling symptoms of (the) heart disease." *G. M. & W. Coal Co., supra,* 29 Pa. Commonwealth Ct. at 138, 370 A.2d at 389; *Borough of Aliquippa v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 340, 336 A.2d 450 (1975).

As to the second element, the record supports the finding that claimant's injury clearly arose in the course of his employment. The referee specifically found that "claimant was totally disabled . . . due to exertion and lifting doing his work as a custodian, said work having caused chest pain."[2]

---

[2] Where the board has affirmed an award of a referee granting benefits to a claimant, our scope of review is limited to a determination of whether there is substantial competent evidence in the record to support any necessary findings of fact, and whether the board and referee have committed an error of law. *Workmen's Compensation Appeal Board v. Auto Express, Inc.,* 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975).

Turning to the third and final element, the employer questions the referee's finding that claimant's injury was caused by, *i.e.*, related to, his employment. Claimant's physician testified that the arteriosclerotic heart disease itself was not caused by claimant's duties as a janitor. Claimant's pre-existing arteriosclerotic condition had however been asymptomatic until the move of mid-August, 1976 and there had been no previous diagnosis of this heart disease until the electrocardiogram and blood work was done on August 17, 1976.[3]

The referee's finding, however, is supported by the above-quoted unequivocal medical testimony that the injury was "precipitated" by the lifting work done for the employer.

We must agree that all the statutory elements have been established. We therefore affirm the order of the board dismissing employer's appeal.

## ORDER

AND Now, this 18th day of June, 1980, we affirm the decision of the Workmen's Compensation Appeal Board of December 7, 1978, and hereby order that the employer, Penn Cambria School District and/or its insurance carrier be and it is directed to pay to the claimant, Kenneth R. Carruthers, compensation at the rate of $93.50 per week beginning August 15, 1976 and to continue at said rate in accordance with the provisions of the Act in effect at the time of the accident.

It is further directed that the employer and/or its insurance carrier shall be responsible for all reasonable medical and hospital bills within the limitations

---

[3] Dr. Kirby testified that he had been treating claimant for diabetes and an elevated triglyceride count, conditions that did not prevent claimant from working, "but his heart disease is what prevents him from doing the work and the lifting that would be associated with the type of work that he is capable of doing."

of The Pennsylvania Workmen's Compensation Act as to time and amount.

The claimant is entitled to interest on deferred payments of compensation at the rate of 10%.