Liberty Baking Company and Nationwide Mutual Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Jennie Carmadella, w/o Anthony, Respondents.

Argued November 20, 1981, before Judges WIL-
LIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel
of three.

*Lawrence M. Ludwig,* with him *Lucille Marsh,
Henkleman, Kreeder, O'Connell and Brooks,* for peti-
tioners.

*John R. Lenahan,* with him *Joseph P. Lenahan,
Lenahan & Dempsey,* for respondent, Jennie Carma-
della.

OPINION BY JUDGE WILLIAMS, JR., December 31,
1981:

In this workmen's compensation case, the widow
Carmadella filed a fatal claim petition after the death
of her husband on May 26, 1973, from a heart attack
suffered at work. The employer appeals to this Court
to reverse the award of benefits and remand the case
for several reasons. First, it contends that the referee

and the Workmen's Compensation Appeal Board (Board) capriciously disregarded uncontradicted medical testimony concerning the chronic heart and lung diseases from which the deceased suffered. Secondly, the appellant alleges that necessary findings concerning the said ailments were absent from the referee's decision, making it legally deficient.. Thirdly, the employer objects to the imposition of interest on the amount of the award, asserting that the delay between the death and the final award of benefits was caused by the claimant and her witness, and not by the employer.

Prior to its arrival in this tribunal, this case had an interesting track record. The August 15, 1973 fatal claim petition filed by the widow, was dismissed by the referee on April 25, 1974, when he was notified that the claimant would not pursue her suit. The April 25, 1974 fatal occupational disease petition was dismissed in much the same fashion on February 4, 1975 after the presentation of medical testimony. The March 6, 1975 fatal claim petition, amended over objection at the hearing on same, was pursued to a favorable conclusion, and the referee granted benefits on January 24, 1977. Upon appeal, the Board remanded, directing the referee to include in the record for his consideration, certain medical testimony he had excluded at the hearing.

The referee's decision of February 28, 1978, again awarded benefits to the widow, and once more, on appeal, the Board remanded to the referee for further medical testimony, relying on *Consolidation Coal Co. v. Workmen's Compensation. Appeal Board,* 37 Pa. Commonwealth Ct. 412, 391 A.2d 14 (1978), and Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §411. The third time the

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 *et seq.*

case came before the referee, he reaffirmed his previous award of benefits, concluding that the decedent's work activities, including the extreme heat and stress of his final hours, were "the direct cause of his heart failure, heart injury and demise." The employer appealed once again to the Board, which affirmed the referee, citing those instances in the record where the evidence supports the contested findings and conclusions.

The facts, as determined by the referee, indicate that the decedent suffered a fatal heart attack while he was working in the early morning hours of May 26, 1973. On that evening[2] there were only three employees available to do the work ordinarily performed by four men in the allotted time. As a result, the decedent had not only his own regularly assigned duties, but also additional responsibilities, including lifting 100-pound lumps of dough, repeated climbing to fill the flour hopper from a ladder, and moving from station to station to keep abreast of several ongoing processes in the preparation of the bread.

The Court perceives that there is no disagreement with the referee's determination that the decedent suffered an injury in the course of his employment. The thrust of the appellant's argument is that the said injury, the heart attack, was not causally related to that employment, and is not, therefore, compensable. It requests that this Court remand the matter to the Board so that the errors enumerated may be cured, either by the Board or by yet another remand to the referee.

Our scope of review in such a case encompasses only a determination of whether an error of law was

---

[2] The decedent's work hours (on the shift during which he died) extended from approximately 9:30 p.m. May 25 to 1:00 a.m. May 26, when he collapsed.

committed, any constitutional rights were violated, or any necessary findings of fact are unsupported by substantial evidence. *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 50, 381 A.2d 191 (1977). In the case *sub judice,* there is no allegation of the violation of any constitutional rights, however, the appellant contends both that the Workmen's Compensation authorities committed errors of law, and that the finding of the referee that the decedent had no history of heart disease was not supported by substantial evidence.

## I.

Whatever this Court perceives that it might have concluded in the face of the testimony present in this record, it is bound to an acceptance of those facts found by the referee which are based upon substantial evidence. In resolving questions of credibility and conflicting evidentiary information, the referee is empowered to accept or reject, in whole or in part, the testimony of any witness. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). It was the clear testimony of the decedent's wife and his treating physician that the decedent had no history of a heart condition, and those statements, in spite of other evidence to the contrary, will support the controversial finding.

This Court has traditionally been liberal in its interpretation of the degree of equivocality permitted in medical testimony elicited to establish the causal connection between the injury, here the heart attack, and the employment. However, the record in this case establishes that causation beyond a doubt, going so far as to include the "magic words"[3] that his heart failure

---

[3] *See Rosenberry Brothers Lumber Co. v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 283, 387 A.2d 526

"was caused by the work he did on May 25 when he started and continued until May 26th."[4]

In affirming the referee, the Board focused on the unequivocal statements of the treating physician, and pointed out that, after hearing a hypothetical question concerning the events preceding the death:

> he was asked whether he had an opinion within a reasonable degree of medical certainty as to what caused the death. He stated that decedent's work activities would be the direct cause of his heart failure, and that he meant all the work activity.

## II.

Concerning the numerous other findings which appellant contends are essential for the proper analysis of this case, the Court concludes that their absence does not detract from the posture of the case to such a degree that a remand is warranted. The Court need only review "necessary" findings, and will not require that the compensation authorities make findings concerning every tangent which brushes the factual matrix of the matter.

Appellant next asserts that the Board erred in failing to remand for the testimony of the decedent's cardiologist, who, presumably would present evidence contradicting the widow's claim. The Court notes this case has been before the referee three times already, and the appellant has had more than sufficient opportunity to cross-examine, rebut, and establish its allegations, without the further assistance of the Court.

Appellant additionally argues that claimant's two previous petitions[5] should have been introduced into

---

(1978) ; *Workmen's Compensation Appeal Board v. Bowen*, 26 Pa. Commonwealth Ct. 593, 364 A.2d 1387 (1976).

[4] *See* note 2, *supra.*

[5] Claimant's first two petitions were filed without the assistance of counsel.

evidence as admissions. This Court has consistently maintained that the rules governing pleading in Workmen's Compensation cases do not mirror the Pennsylvania Rules of Civil Procedure, *St. Denis v. Workmen's Compensation Appeal Board,* 29 Pa. Commonwealth Ct. 375, 371 A.2d 252 (1977), and that the pleadings in compensation cases should be liberally[6] construed. *City of Altoona v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 178, 411 A.2d 1322 (1980). Reference in the Act to admissions in pleadings can be found at 77 P.S. §821,[7] which places the onus of admission upon an employer who fails to file an answer to a petition.

While this Court finds that the referee erred in determining that his dismissal of the previous petition acts, generically, as a bar to its later introduction as an admission, we find that error[8] to be immaterial, and, as such, not rising to the level of reversible error. We construe this, under the liberal auspices of the Act, as being much in the nature of pleading in the alternative, a behavior which would not, in another forum, entangle the pleader in the web of admissions. Furthermore, the fact that this woman, certainly not a medical expert, believed at one point that her husband may have died of an occupational disease is not relevant to the question of whether she met her burden of proof under the fatal claim petition presently before the Court.

Turning to appellant's subsequent argument, that the Board erred in failing to direct the referee to specifically deal with the testimony of one of the medical

---

[6] The purpose of such liberal construction is to effectuate the social and remedial purposes of the Act. *Vignoli v. Mathies Coal Co.,* 29 Pa. Commonwealth Ct. 1, 369 A.2d 908 (1977).

[7] Section 416 of the Act.

[8] The Court does not at this time reach the question of whether any inconsistent allegation in any petition is immaterial, but limits itself to the context of this case.

witnesses in his opinion, we point out that silence concerning certain evidence does not lead to the presumption that the testimony was not considered. *Colt Industries v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 296, 415 A.2d 972 (1980).

Finally, appellant contends that the imposition of interest on the award of benefits under 77 P.S. §717.1[9] is unreasonable, in that the delay was caused not by the employer, but by the claimant's "bumbling" through various versions of her husband's death. That qualification is not relevant. The Act imposes interest so that the claimant will not be adversely affected by a contest, *not* as a penal measure against the employer who reasonably contests a claim. *Lastoka v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 310, 413 A.2d 481 (1980). The award of interest in this case was not in error.

We therefore affirm the order of the Board.

### ORDER

AND Now, this 31st day of December, 1981, the order of the Workmen's Compensation Appeal Board, docket No. A-79069, awarding benefits to Jennie Carmadella, widow of Anthony Carmadella, is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of Jennie Carmadella and against the Liberty Baking Company and Nationwide Mutual Insurance Company, in the amount of $76.50 per week, for the period beginning May 26, 1973 and continuing so long as Jennie Carmadella remains eligible, to-

---

[9] Section 406.1 of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. 717.1, which reads in pertinent part:

The first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability. Interest shall accrue on all due and unpaid compensation at the rate of ten per centum per annum.

gether with interest at 10 percent per annum on all deferred payments of compensation from the date due to the date paid, all within the limits and terms of the Pennsylvania Workmen's Compensation Act.

In addition, the Liberty Baking Company and/or Nationwide Mutual Insurance Company is directed to reimburse Jennie Carmadella in the amount of $750.00 for the decedent's burial expenses.

Because the award of attorney's fees found in the referee's decision of April 7, 1980, is susceptible of more than one interpretation, we hereby remand to the Board for clarification thereof, and an award consistent both with this Order and the agreement of the parties approved by the referee in the aforesaid decision.