**Holt Hauling & Warehouse System and Midland Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Eugene Smith, Respondents.**

Argued December 18, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Susan McGloughlin,* with her *Roger B. Wood* and *David L. Pennington, Harvey, Pennington, Herting & Renneisen, Ltd.,* for petitioners.

*Thomas F. McDevitt,* for respondent, Eugene Smith.

OPINION BY JUDGE CRAIG, January 29, 1982:

Holt Hauling and Warehouse System, an employer, and its insurance company appeal from the decision of the Workmen's Compensation Appeal Board which affirmed the referee's award of compensation to claimant Eugene Smith for total disability arising from a heart injury suffered after extensive manual labor.

The claimant was hospitalized on January 12, 1977 after vomiting and complaining of dizziness following nearly two consecutive workdays of shoveling snow.

The employer attacks the referee's decision, contending that the testimony of the claimant's physician did not establish a clear link[1] between the claimant's employment activities and his heart condition. We cannot agree.

The testimony of the claimant's doctor clearly establishes causation between the claimant's work activity and the subsequent worsening of claimant's heart condition. The doctor stated:

> In my opinion, assuming that the patient Mr. Smith had previous existing atrial fibrillation, bradycardia, and hypertension, it is my impression and my opinion that the strenuous work of January 11, 1977 and January 12, 1977 was a direct cause of producing the complications as found in his formal diagnosis and the necessity of the implanting of a permanent pacemaker.

Adhering to our scope of review,[2] we find this testimony of the claimant's physician to be substantial, as

---

[1] Evidence of causal relationship between work and the "injury" is required by Section 301(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §411(1); see also Penn Cambria School District v. Workmen's Compensation Appeal Board, 52 Pa. Commonwealth Ct. 244, 247, 415 A.2d 943, 945 (1980).

[2] Where the board has affirmed the award of a referee granting benefits, our scope of review is limited to a determination of whether there is substantial competent evidence to support any necessary

well as competent,[3] to establish a causal connection between claimant's heart injuries and his employment.[4]

Accordingly, we affirm.

## ORDER

Now, January 29, 1982, the order of the Workmen's Compensation Appeal Board, Docket No. A-78985, dated January 15, 1981, is affirmed. Judgment is entered in favor of claimant Eugene Smith and against Holt Hauling and Warehouse System and its insurer Midland Insurance Company, in the following amounts:

1. Weekly compensation at the rate of $132.27 is awarded to Eugene Smith for total disability commencing January 13, 1977 and continuing in accordance with the provisions of the Act.

2. The employer and/or its insurance carrier shall pay the following bills and expenses:

---

findings of fact and whether the board and referee have committed an error of law. *Workmen's Compensation Appeal Board, v. Auto Express, Inc.*, 21 Pa. Commonwealth Ct. 559, 561, 346 A.2d 829, 831 (1975).

[3] Additionally, the employer contends that the testimony of claimant's physician was not competent because the physician lacked certification as a specialist. However, the matter of whether the expert witness' knowledge or experience justifies admission of his opinion is largely within the discretion of the referee. *Workmen's Compensation Appeal Board v. Jones & Laughlin Steel Corp.*, 22 Pa. Commonwealth Ct. 469, 473, 349 A.2d 793, 795 (1975). The fact that a physician is not a specialist in no way affects his competency, but only goes to the weight to be given his testimony. *Workmen's Compensation Appeal Board v. Branch Motor Express*, 18 Pa. Commonwealth Ct. 262, 264, 334 A.2d 847, 848 (1975).

[4] The fact that the claimant's underlying heart disease was not caused by his employment does not disqualify him from compensation benefits where work-related exertion caused aggravation or other disabling symptoms. *Penn Cambria School District v. Workmen's Compensation Appeal Board*, 52 Pa. Commonwealth Ct. 244, 247, 415 A.2d 943, 945 (1980).

| Dr. Louis G. McAfoos | $ 593.00 |
|---|---|
| West Jersey Hospital | $6,215.40 |
| Andrew Anthrupometrics Clinic | $ 70.00 |
| West Jersey Anesthesia Association | $ 112.00 |
| Dr. Francisco Enriquez | $1,765.00 |

3. The employer and/or its insurance carrier shall reimburse claimant in the sum of $795.70 for costs which have been paid by claimant.

4. The claimant is entitled to interest on deferred payments of compensation at the rate of 10%.

5. The employer and its insurance carrier shall deduct from any and all payments due the claimant, now or in the future, a sum equivalent to 20% thereof, to remit the same with the same frequency with which payments are made to the claimant, to Thomas F. McDevitt, Esquire, claimant's counsel, as an approved fee for his representation of him in these proceedings.

Judge PALLADINO did not participate in the decision in this case.