Wells/Richard Manufacturing Co., Petitioner *v.* Workmen's Compensation Appeal Board (Walter L. Gross), Respondents.

Argued March 4, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and BLATT, sitting as a panel of three.

*David L. Pennington*, with him *Susan McLaughlin, Harvey, Pennington, Herting & Renneisen, Ltd.*, for petitioner.

*Michael S. Valimont, Power, Bowen & Valimont*, for respondent, Walter L. Gross.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 24, 1982:

Wells/Richard Manufacturing Company (employer) and its insurance company appeal a Workmen's Compensation Appeal Board order which affirmed the referee's determination that Walter Gross (claimant) had suffered a compensable injury and was totally disabled.[1] We affirm.

---

[1] Claimant's injury occurred on January 13, 1978. The referee determined that he was temporarily totally disabled from that date

Gross, a maintenance mechanic, sustained injuries "in the nature of a myocardial infarction"[2] while shoveling snow on the employer's premise.

The employer contends that the referee's finding that claimant suffered a myocardial infarction is not supported by substantial evidence.[3]

Claimant's medical expert, Dr. Tendler, testified that claimant was experiencing multiple episodes of ventricular tachycardia (cardiac arrests) when he arrived at the emergency room. He was immediately admitted into the intensive care unit. The cardiac arrest continued, requiring that he be cardioverted with electric shock at least ten separate times to prevent death. During his fifteen-day hospital stay, he was administered various anti-arrhythmic drugs to maintain his normal heart rhythm.

Subsequent tests indicated that claimant had atherosclerosis[4] of the coronary arteries. Dr. Tendler testi-

---

until June 27, 1978, when he returned to work on a part-time basis. Partial disability benefits were awarded from June 27, 1978, through September 8, 1978, when total disability recurred.

[2] Referee's Conclusion of Law No. 2 provides:

The claimant was injured in the course and scope of his employment with the Defendant on January 13, 1978, when he suffered an injury in the nature of myocardial infarction with ventricular arrhythmias.

[3] Where the Board has affirmed an award of a referee granting benefits to a claimant, our scope or review is limited to determining whether there is substantial evidence in the record to support any necessary finding of fact and whether the Board or referee committed an error of law. *Workmen's Compensation Appeal Board v. Auto Express, Inc.*, 21 Pa. Commonwealth Ct. 559, 346 A.2d 629 (1975).

[4] An extremely common form of arteriosclerosis in which deposits of yellowish plaques (atheromas) containing cholesterol, lipoid material, and lipophages are formed within the intima and inner media of large and medium size arteries. Dorland's Illustrated Medical Dictionary 160 (25 ed. 1974).

fied that prior to January 13, 1978, claimant had no history of heart disease or coronary disorder and that the cardiac arrythmia experienced on that day was the initial symptomatic manifestation of the arteriosclerosis.

Even though Dr. Tendler testified that he was "unable to document an actual myocardial infarction" on January 13, 1978, later tests[5] indicated that claimant did suffer a myocardial infarction and that "in all likelihood, it ... was related to [claimant's] activities of January 13, 1978." This testimony, and the record taken as a whole, clearly support the referee's finding of fact and determination that on January 13, 1978, Gross suffered an injury "in the nature of [a] myocardial infarction with multiple ventricular arrhythmias."

The employer contends that the record does not support the referee's determination that claimant's ongoing disability was work-related.

Dr. Tendler testified that claimant's cardiac arrests "had no actual affect" on his preexisting arteriosclerotic condition. The employer agrues that the mere fact that the first manifestations of the claimant's symptoms were work-related does not provide a legal basis for the referee's determination that claimant's disability for all periods thereafter is work-related. We disagree.

Section 301(c) of the Workmen's Compensation Act[6] provides that:

The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of

---

[5] Dr. Tendler testified that, at his request, a cardiac catherization was performed on claimant on April 5, 1978. The results indicated that claimant's heart had been damaged in the past, however, Dr Tendler was not able to pinpoint when the actual damage occurred.

[6] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411.

employment and related thereto, and such disease or infection as naturally results from the injury or is *aggravated, reactivated* or *accelerated* by the injury.... (Emphasis added.)

The unequivocal testimony of claimant's expert supports the referee's finding that "[c]laimant had pre-existing heart and vascular problems, which were exaccerbated [sic] and aggravated by the stress of the work on January 13, 1978." In fact, the employer, in its brief at page 17, states:

What the claimant has proven in this case is that shoveling snow at work on January 13, 1978, aggravated his pre-existing condition to the point that the symptoms that occurred on that day were precipated.

In *Penn Cambria School District v. Workmen's Compensation Appeal Board*, 52 Pa. Commonwealth Ct. 244, 247, 415 A.2d 943, 945 (1980), we held that:

The fact that the underlying disease which affected claimant's heart was not caused by claimant's employment is not disqualifyng where work-related exertion causes the victim of such conditions to have a heart attack or suffer other "resulting disabling symptoms of (the) heart disease.' (Quoting Workmen's Compensation Appeal Board v. G.M.&W. Coal Co., 29 Pa. Commonwealth Ct. 138, 143, 370 A.2d 386, 389 (1977).)

Both the claimant's and the employer's medical experts testified that Gross is disabled and incapable of performing any strenuous physical activity.

The order of the board dismissing the employers appeal is hereby affirmed. However, we must remand to the referee for a determination of partial disability benefits and for a determination of interest, if any, on the deferred payments of compensation.

Affirmed and remanded.

ORDER

The Workmen's Compensation Appeal Board order, No. A-79378, dated November 26, 1980, is affirmed, and judgment is entered in favor of Walter L. Gross and against Wells/Richard Manufacturing Co., at the rate of $182.10 per week, for total disability, from January 13, 1978, through June 26, 1978.

This same amount, $182.10 per week, is to be paid Walter L. Gross for his total disability, commencing September 9, 1978 and continuing into the future within the limitations of the Workmen's Compensation Act.

Further, attorney's fees are awarded to Michael S. Valimont, Esquire, 64 North Main Street, Sellersville, Pa. 18960, at the rate of twenty percent (20%) of the entire award, and employer or its insurance carrier is directed to deduct this award and forward to same counsel.

The employer and/or its insurance carrier is ordered to pay the following expenses, or reimburse claimant if he has already paid them:

| (a) | Dr. Tendler | $200.00 |
|-----|-------------|---------|
| (b) | North Penn Records | 42.50 |
| (c) | Record Copying Service | 71.65 |
| (d) | Grand View Hospital | 59.00 |

Further, this case must be remanded to the Referee for a determination of partial disability benefits to be awarded Walter L. Gross from June 27, 1978, through September 8, 1978 and for a determination of interest, if any, to be awarded on all deferred payments of compensation.

Judge MENCER did not participate in the decision in this case.