Bertrand P. Tracy Company, Petitioner *v.* Workmen's Compensation Appeal Board (Boles), Respondents.

Submitted on briefs September 13, 1985, to Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*James A. Wood, Trushel, Wood & Israel,* for petitioner.

*Robert N. Clarke,* for respondent.

OPINION BY SENIOR JUDGE KALISH, November 18, 1985:

The claimant filed a petition for compensation alleging a work-related hernia and leg injury. The referee found that the injuries were work-related and that the claimant was totally disabled, and the Board affirmed. On appeal, the employer alleges that the finding of a work-related injury was not based on substantial evidence, and that the finding that the claimant gave oral notice of his injury to his employer was likewise not based on substantial evidence. We affirm.

Normally, where there is no obvious causal connection between a claimant's injuries and his employment, unequivocal medical testimony is necessary. Unequivocal medical testimony is a medical expert's testimony that in his professional opinion the claimant's condition did in fact result from his work experience. In rendering that opinion, it is not absolutely essential that the medical expert use such magical words as "it is my professional opinion." However, the opinion must contain the requisite level of certainty so as to be described as "unequivocal." *Philadelphia College of Osteopathic Medicine v. Work-*

*men's Compensation Appeal Board (Lucas),* 77 Pa. Commonwealth Ct. 202, 465 A.2d 132 (1983).

The referee chose to believe that part of the doctor's testimony which was unequivocal. A fair reading of the doctor's testimony in the record leads us to conclude that a reasonable mind could accept that part of his testimony as adequate to support a conclusion of a causal relationship between the claimant's injury and his employment. This court is precluded from disturbing findings which are supported by the testimony although there is evidence to the contrary. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

It is also clear from the record that the claimant's hernia condition was an ongoing matter. When this condition was aggravated after he lifted some packages, he notified his supervisor that he had a doctor's appointment concerning this condition. The claimant subsequently notified his employer that he was to be hospitalized for treatment.

When an employer has actual notice of an injury, the notice requirement of the Act is satisfied. Section 311 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §5631, begins with the exception, "Unless the employer shall have knowledge of the occurrence of the injury. . . ." The purpose of the notice requirement is to protect the employer from stale claims for injuries of which it had no knowledge, made after the time for a full and complete examination of the facts had passed. Therefore, actual knowledge of a compensable injury is sufficient. Knowledge rather than formal notice is the criterion. *Findlay Refractories v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 454, 415 A.2d 1270 (1980).

Accordingly, we affirm.

## Order

The order of the Workmen's Compensation Appeal Board, Docket No. A-84123, dated May 21, 1984, is affirmed.