509 A.2d 942

Bethlehem Mines Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Plutch), Respondents.

Submitted on briefs March 13, 1986,

*William F. Henkel, Ceisler/Richman Law Firm,* for petitioner.

*M. E. Kusturiss,* with him, *Steven R. Wolf,* for respondents.

Opinion by Judge Colins, May 20, 1986:

Bethlehem Mines Corporation (petitioner) appeals from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision awarding Alice Plutch (claimant), the widow of Floyd Plutch (decedent), death benefits pursuant to Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act).[1]

Decedent was employed by petitioner as an underground coal mining "snapper" on a railroad line moving coal in and out of the mine. On March 23, 1981, decedent suffered chest pains while walking up a grade in the mine just after throwing a track switch and setting three or four brakes by pushing brake levers. He was taken to the hospital and died subsequently some days thereafter on March 27, 1981.

Testimony by the treating physician, Dr. Coppula, indicated that decedent had suffered a myocardial infarction (heart attack) while working on March 23, 1981, and died as a result of resultant complications. Dr. Coppula further testified that decedent's work duties were the precipitating cause of the myocardial infarction. This testimony read in light of the medical evidence as a whole was relied upon by the referee in awarding death benefits.

On appeal, petitioner contends that the testimony of Dr. Coppula meets neither the causation standard nor the medical certainty standard required of medical testimony in a heart attack case. Because we disagree, we will affirm the Board's decision.

In order for a heart attack to be considered a compensable injury under the Act, a claimant must show a causal connection between his work and the attack. *Lamoreaux v. Workmen's Compensation Appeal Board*

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1).

*(Celotex Corporation and Standard Fire Insurance Company)*, 92 Pa. Commonwealth Ct. 1, 3, 497 A.2d 1388, 1390 (1985). When this causal connection is not obvious, it is the burden of decedent's claimant to establish it by the presentation of unequivocal medical testimony. *Id.* Where as here the claimant has sustained her burden of proof before the referee and the Board, our scope of review is limited to determining whether an error of law was committed or necessary findings of fact were unsupported by substantial evidence. *Cisco v. Workmen's Compensation Appeal Board (A & P Tea Company)*, 88 Pa. Commonwealth Ct. 174, 176, n.2, 488 A.2d 1194, 1195, n.2 (1985).

We turn to petitioner's arguments that the expert medical testimony of Dr. Coppula failed to prove the required link between employment and heart attack in terms of causation and unequivocality. Under *Workmen's Compensation Appeal Board v. Bernard S. Pincus Co.*, 479 Pa. 286, 388 A.2d 659 (1978), the causation requirement in such death and disability claims is to show that the heart attack occurred within the course of employment and that the employment was the cause thereof. *Compare Yuhas v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 82 Pa. Commonwealth Ct. 390, 476 A.2d 1377 (1984); *Krawchuck v. Philadelphia Electric Company*, 497 Pa. 115, 439 A.2d 627 (1981).[2]

Our review of the record and medical testimony as a whole reveals substantial evidence supporting the referee's and Board's conclusions that the heart attack was caused by work duties and, therefore, was work-related. We turn, therefore, to the question of unequivocality of the medical witness.

---

[2] *See* Note, *"Workmen's Compensation—Proof of Compensable Injury—Claimants Need Only Prove That Heart Attack Occurred in Course of Employment and Related Thereto."* 83 Dick. L. Rev. 603-15 (1979).

Our Supreme Court in *Lewis v. Workmen's Compensation Appeal Board,* 508 Pa. 360, 498 A.2d 800 (1985) has recently examined the causation requirement and concluded that:

> Where medical testimony is necessary to establish a causal connection, the medical witness must testify, not that the injury or condition might have or possibly came from the assigned cause, but that in his professional opinion the result in question did come from the assigned cause.

*Id.* at 365, 498 A.2d at 802. This is the requirement of unequivocality upon which petitioner bases its plea for reversal. The *Lewis* case goes on to state that:

> A determination that certain medical testimony is equivocal is not, as appellant assumes, a finding of fact; rather, it is a conclusion of law and as such fully reviewable.... In conducting such review the medical witness's entire testimony must be reviewed and taken as a whole and a final decision should not rest upon a few words taken out of the context of the entire testimony.'

*Id.* at 366, 498 A.2d at 803 (citations omitted). The key notion is that the testimony as a whole must be considered.

Dr. Coppula, a board-certified internist, testified repeatedly that although the medical cause of the heart attack was the occlusion of the coronary arteries of the heart over a long period of time, the precipitating cause of the acute heart attack suffered by decedent on March 23, 1981, was the decedent's work duties. Petitioner in urging us to reverse relies solely upon Dr. Coppula's use of the qualifying verb "appears" in response to requests to formulate an opinion with certainty as to the cause of decedent's heart attack.

It is well-settled that there are no "magic words" the doctor need recite to establish causation, only that the

opinion as a whole contains the requisite level of certainty so as to be described as unequivocal. *See Cooper-Jarrett, Inc. v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 12, 432 A.2d 1128 (1981); *Bertrand P. Tracey Co. v. Workmen's Compensation Appeal Board (Boles),* 93 Pa. Commonwealth Ct. 68, 500 A.2d 513 (1985). Our review of the testimony as a whole persuades us that Dr. Coppula's unequivocal medical opinion was that the precipitating cause of decedent's heart attack on March 23, 1981, was decedent's work-related duties.[3]

The referee chose to believe these portions of the doctor's testimony which he considered as unequivocal and to reject the testimony of the medical expert offered by petitioner. Such credibility determinations, and weighing of conflicting medical testimony, are within the province of the referee in these cases. *Cisco,* 88 Pa. Commonwealth Ct. at 179, 488 A.2d 1197. In considering the record as a whole, we find that Doctor Coppula testified unequivocally.

For the above reasons, the Board's decision is affirmed.

### ORDER

AND NOW, this 20th day of May, 1986, the order of the Workmen's Compensation Appeal Board, No. A-85131, filed October 11, 1984, is hereby affirmed.

---

[3] Where the doctor testifies to both an underlying disease of the heart which is not work-related and a precipitating cause of heart attack which is work-related, the claimant may recover. *Wells/Richard Manufacturing Co. v. Workmen's Compensation Appeal Board (Gross),* 69 Pa. Commonwealth Ct. 179, 450 A.2d 766 (1982).