517 A.2d 1031

L.E. Smith Glass Company and Northwestern National Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Hoyman), Respondents.

Submitted on briefs October 9, 1986, to Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Fred C. Trenor, Meyer, Darragh, Buckler, Bebenek & Eck,* for petitioners.

*E. David Harr,* for respondent, Eugene Hoyman.

OPINION BY JUDGE DOYLE, November 18, 1986:

L.E. Smith Glass Company and its workmen's compensation insurer, Northwestern National Insurance

Company, (Petitioners) petition for review of an order of the Workmen's Compensation Appeal Board (Board) affirming an award of workmen's compensation benefits to Eugene Hoyman (Claimant). We affirm.

Claimant was employed as a glass gatherer by the petitioner glass company for approximately nine years. As a gatherer, Claimant's job entailed continually inserting a six-foot metal putty ball rod into a furnace in front of which he stood, gathering molten glass into the putty ball, removing the rod and pouring the molten glass into molds. The temperature of the furnace reached 1800 degrees, and the Claimant at times was subjected to heavy smoke from the furnace and the molds.

On March 2, 1982, Claimant was working the 3:30 p.m.-to-midnight shift. After taking a scheduled break, Claimant returned to work, but became weak and experienced chest pains. Claimant was taken and admitted to Latrobe Area Hospital where he was diagnosed as having coronary artery heart disease with angina. On March 8, he was transferred to Shadyside Hospital where he underwent cardiac catheterization and was diagnosed as having arteriosclerotic heart disease with unstable angina.

On August 20, 1982, Claimant filed a petition for workmen's compensation benefits. Following a series of hearings, the referee issued a decision in favor of Claimant, finding that while Claimant did not suffer a heart attack on March 2, 1982, he did have developmental arteriosclerotic heart disease which was aggravated by his work as a glass gatherer and which rendered him disabled. The Board affirmed, and from this Petitioners appeal.

Petitioners first contend that no substantial evidence supported the referee's finding that Claimant's work activities caused his unstable angina and that the unstable

angina rendered him disabled.[1] We disagree. Three physicians testified in this case: Dr. Paul Orange, the doctor who initially treated Claimant at Latrobe Area Hospital; Dr. James O'Toole, Claimant's attending cardiologist at Shadyside; and Dr. Larry Hurwitz, Petitioners' expert. Doctors Orange and O'Toole agreed that, in light of Claimant's pre-existing coronary disease, Claimant's angina was "triggered" as a result of his strenuous work activities. All agreed that Claimant was unable to return to his job as a glass gatherer. Accordingly, we hold that there was substantial evidence to support the referee's findings that Claimant's work activities precipitated his angina and that this rendered him disabled.

Petitioners next assert that, even if substantial evidence supported the referee's findings regarding Claimant's angina, angina without aggravation of the underlying arteriosclerotic heart disease does not constitute an "injury" within the meaning of Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1). Petitioners cite for support our decision in *Barnes and Tucker Co. v. Workmen's Compensation Appeal Board*, 40 Pa. Commonwealth Ct. 152, 396 A.2d 900 (1979), wherein we held that chest pains resulting from strenuous work which aggravates an underlying coronary disease were compensable under the Act. We specifically declined to address the issue of whether chest pains which result from strenuous work but which

---

[1] Where, as here, the party with the burden of proof prevailed before the referee, our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were unsupported by substantial evidence. *McGraw Edison Co. v. Workmen's Compensation Appeal Board (Buechel)*, 96 Pa. Commonwealth Ct. 495, 507 A.2d 1304 (1986).

are merely symptoms of an underlying heart disease, not an aggravation of the disease, constitute an "injury" within Section 301(c)(1) of the Act. *Id.* at 154-55 n. 3, 396 A.2d at 901 n. 3. We did, however, strongly suggest that such chest pains would amount to an injury. *Id.*

Moreover, in a later case, this Court found that a Claimant who suffered job-related chest pains in the course of employment was entitled to workmen's compensation, regardless of whether the chest pains resulted from aggravation of an underlying heart disease. *Penn Cambria School District v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 244, 415 A.2d 943 (1980). In *Penn Cambria,* where a custodian with previously asymptomatic arteriosclerotic heart disease suffered chest pains while involved in strenuous work, we held that the claimant sustained a compensable injury within the meaning of Section 301(c)(1) of the Act, since the chest pains were "precipitated" by the Claimant's strenuous work. In other words, so long as chest pains occur in the course of employment and are related causally to that employment, a claimant has suffered a compensable injury under Section 301(c)(1) of the Act.

Applying *Penn Cambria* here, we hold that Claimant's angina is a compensable injury. There is no question that the chest pains were sustained by Claimant in the course of his employment, and there is substantial evidence to show that the strenuous work triggered the chest pains.

Finally, Petitioners argue that, even if Claimant's claim is compensable, Blue Cross of Western Pennsylvania and Pennsylvania Blue Shield are not entitled to subrogation for medical expenses paid on behalf of Claimant because no medical witness testified to their necessity, reasonableness and relation to Claimant's work activity. Our review of the record discloses that, at

best, Petitioners objected to the admission of the medical bills before the referee on the ground that they contained hearsay regarding causation of Claimant's condition. Accordingly, because Petitioners did not object to the bills' necessity, reasonableness or relation to Claimant's work activity before the referee, they cannot do so on appeal to this Court. *Campbell Co. v. Workmen's Compensation Appeal Board (Kerr)*, 74 Pa. Commonwealth Ct. 305, 459 A.2d 904 (1983).

Affirmed.

### ORDER

NOW, November 18, 1986, the order of the Workmen's Compensation Appeal Board, No. A-88138 dated September 12, 1985, is affirmed.