541 A.2d 410

Edwin C. Schroeder, Petitioner *v.* Workmen's Compensation Appeal Board (City of Reading), Respondents.

Submitted on briefs January 27, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Thomas F. McDevitt, Thomas F. McDevitt, P.C.,* for petitioner.

*John J. McAuliffe, Jr.,* for respondent, City of Reading.

OPINION BY JUDGE CRAIG, May 12, 1988:

Edwin Schroeder appeals an order of the Workmen's Compensation Appeal Board, affirming a referee's decision that denied Schroeder benefits for an injury he suffered while employed as a firefighter by the City of Reading.

The sole issue is whether there is substantial evidence to support the referee's finding that the work-related disability suffered by Schroeder on June 13, 1980 ended that same day, and that his hospitalization until June 24, 1980, and his inability to return to work until September 20, 1980 resulted solely from non-work-related heart disease. Because we find no substantial evidence to support that finding, we reverse.

From the testimony and records, the undisputed history is as follows: On June 13, 1980, Mr. Schroeder, as firefighter employed by the City of Reading, suffered chest pains as he drove a fire truck to a fire. On the way to the fire, Schroeder had to swerve the truck sharply to avoid an accident with another vehicle, and he began to experience chest pain. When Schroeder arrived at the scene of the fire, which turned out to be a false alarm, he continued to experience chest pain. Upon returning to the station house, Schroeder informed a paramedic of his discomfort. The paramedics transported Schroeder to the hospital emergency room, where he received treatment that relieved the chest pains. The treating physician admitted Schroeder to the hospital, according to that doctor's testimony, "to watch the patient in the Coronary Care Unit, continue the Lidocaine because of the premature contractions seen and to obtain serial enzymes and cardiograms."

Five days later, on June 18, 1980, the treating cardiologist diagnosed Schroeder as having "unstable angina, etiology, coronary artery disease" and stated "even though he has no chest pain, I recommend that we keep

him on Inderal therapy." The cardiologist also recommended that a cardiac catheterization be performed at the end of July. Schroeder remained hospitalized until June 24, 1980, at which time the discharging physician diagnosed. Schroeder's injury as a "cardiac insufficiency", and recommended a stress test "in two or three weeks after which, it will be decided (if abnormal) to do a coronary arteriogram."

During the period August 12-14, 1980, Schroeder was readmitted to the hospital for a cardiac catheterization. Following that test, the doctor diagnosed Mr. Schroeder's condition as coronary arteriosclerosis and angina. On September 21, 1980, Schroeder returned to work.

On February 6, 1981, Schroeder filed a petition for benefits under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1601.1, as a result of the cardiac insufficiency he suffered on June 13, 1980. The referee found that the injury suffered by Schroeder began and ended on June 13, 1980; therefore, he denied Schroeder benefits because his disability did not exceed seven days as required by section 306(e) of The Pennsylvania Workmen's Compensation Act, 77 P.S. §514.[1] The Workmen's Compensation Appeal Board affirmed the determination of the referee.

Although the referee, as the factfinder, determines the weight and credibility of evidence and may accept or reject the testimony of any witness, including medi-

---

[1] Section 306(e) of The Pennsylvania Workmen's Compensation Act, 77 P.S. §514.

No compensation shall be allowed for the first seven days after disability begins, except as provided in this clause (e) and clause (f) of this section. If the period of disability lasts fourteen days or more, the employe shall also receive compensation for the first seven days of disability.

cal experts, his findings of fact must rest upon substantial evidence. *Bell Telephone Co. of Pennsylvania v. Workmen's Compensation Appeal Board (Gussey)*, 91 Pa. Commonwealth Ct. 112, 496 A.2d 1277 (1985).

Mr. Schroeder's hospital records, prepared by his treating physicians, provide evidence that an eleven-day hospital stay and subsequent tests were necessary to diagnose and treat the work-related cardiac insufficiency. Moreover, the City's doctor, Dr. Dale, in addition to agreeing that Schroeder's coronary insufficiency on June 13, 1980 resulted from work-related stress, also confirmed the necessity of the hospital stay, by testifying:

Within the first few days of hospitalization it was obvious he had not had a heart attack. If this occurred in 1984 his hospitalization would have been briefer, he would have been out quicker, had test quicker and probably been back to work quicker.

Q. Prior to 1980, four years prior, this was a usual course of treatment for this man. Am I correct?

A. I think a brief hospitalization with return to work being variable from physician to physician, yes.

Q. As far as you are concerned the physicians who were treating him used good judgment in sending him back to work when they did. Am I right?

A. I don't know much about what had transpired between hospitalization and his return to work except he did have a catheterization that was done about two months later. It could have been done sooner. That was all.

January 25, 1984 deposition of Dr. Dale pg. 23.

Therefore, although Mr. Schroeder did receive relief from the chest pains on June 13, 1980, and although

Doctor Dale testified, based upon subsequent tests and examinations, that Mr. Schroeder suffered from pre-existing heart disease, all the evidence is to the effect that the usual course of medical treatment for a coronary insufficiency in 1980 involved a hospital stay as well as a cardiac catheterization sometime after discharge from the hospital. Because hospitalization related to that treatment prevented the claimant from working, that period must be considered as necessarily extending disability for the purposes of section 306(e) of The Pennsylvania Workmen's Compensation Act. This court has stated that "for the purposes of workmen's compensation, the term 'disability' is synonymous with 'loss of earning power' ". *Carpentertown Coal & Coke Company v. Workmen's Compensation Appeal Board (Mohr)*, 52 Pa. Commonwealth Ct. 134, 135, 415 A.2d 450, 451 (1980). Having to remain in a hospital and undergo tests and treatments for the work-related cardiac insufficiency necessarily resulted in a loss of income to Mr. Schroeder. Thus, we conclude that the work-related disability began on June 13, 1980 and continued until the completion of the cardiac catheterization on August 14, 1980.

Because the claimant presented no medical evidence showing that his failure to return to work until September 21, 1980 was a result of the work-related cardiac insufficiency, there is no record basis for including the time between August 14, 1980 and September 21, 1980 as part of the disability.

Therefore, when the medically accepted treatment of a cardiac insufficiency required a hospital stay and subsequent tests, testimony as to the pre-existence of heart disease, and evidence of the mere cessation of pain within the day, does not constitute substantial evidence to support the referee's finding that Schroeder's work-related disability was too brief to be compensable

under section 306(e) of The Pennsylvania Workmen's Compensation Act, 77 P.S. §514.

Accordingly, we reverse and remand for an award of benefits computed, based upon the record and the disability period established in it, in accordance with this opinion.

## ORDER

Now, May 12, 1988, the order of the Workmen's Compensation Appeal Board, Docket No. A-90689, dated June 19, 1987, is reversed, and remanded for an award of benefits for the period June 13, 1980 through August 14, 1980.

Jurisdiction relinquished.