572 A.2d 845

**Charles K. KING, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(WENDELL H. STONE CO.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 2, 1990.

Decided March 30, 1990.

Michael J. Macko, Connellsville, for petitioner.

Mark Gordon, with him, Pamela G. Cochenour, Pietragallo, Bosick & Gordon, Pittsburgh, for respondent, Wendell H. Stone Co.

Before CRAIG and DOYLE, JJ., and BARRY, Senior Judge.

## OPINION

BARRY, Senior Judge.

Charles K. King (King) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a decision of a referee denying King's review petition.

King suffered a work-related myocardial infarction in 1981 while in the employ of the Wendell H. Stone Co. and began collecting benefits for total disability. In 1985, he began experiencing problems with his heart. A number of tests were conducted and King eventually underwent a cardiac catheterization. The bills for these tests were submitted to the employer which refused to pay them, alleging that said tests were not related to King's compensable injury. King filed a review petition, seeking payment of the bills.

King introduced the medical testimony of Dr. Richard Lind, his treating physician, who opined that a causal relationship existed between the work-related myocardial infarction and the testing under dispute here. Dr. Barry Uretsky testified that he could not state with the requisite degree of medical certainty that the 1985 testing was

caused by either the myocardial infarction or the pre-existing coronary artery disease.[1] Dr. Thomas Generalovich, the employer's expert, testified that the 1985 testing was related to the pre-existing heart disease, and not the myocardial infarction. The referee specifically found Dr. Generalovich to be credible and denied King's review petition. The Board affirmed and this appeal followed.

Our scope of review is limited to determining whether King's constitutional rights have been violated, whether an error of law has been committed and whether all necessary factual findings are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988). Mindful of our scope of review, we will address the allegations of error propounded in King's brief.

King first argues that the referee erred in failing to give special credence to King's treating physician, especially when the contradicting medical evidence from the employer was from a doctor who never examined King. In support of this argument, King cites *Workmen's Compensation Appeal Board v. Czepurnyj*, 20 Pa.Commonwealth Ct. 305, 340 A.2d 915 (1975) and *Pare v. Workmen's Compensation Appeal Board (Fred S. James & Co.)*, 97 Pa.Commonwealth Ct. 435, 509 A.2d 1361 (1986). Neither of those cases mandate that a treating physician's testimony must be accepted over the employer's medical expert retained specifically for litigation. As we stated in *Czepurnyj*, "Although attending physicians are preferred as witnesses in workmen's compensation cases, the fact that their treatment of a claimant versus the limitation of their involvement to a diagnosis for the purposes of litigation goes only to the weight of their testimony...." *Id.*, 20 Pa.Commonwealth Ct. at 311–12, 340 A.2d at 919. As the referee is

1. Even King's medical expert, Dr. Lind, admits that King was suffering from coronary artery disease when he experienced the heart attack in 1981.

still the ultimate arbiter of credibility, he committed no error in accepting the testimony of Dr. Generalovich over that of Dr. Lind.

King next argues that even if the tests done here were not causally connected to his work-related myocardial infarction, the employer is nonetheless responsible for payment until there is a determination that the problem is unrelated to work. King bases this argument on a number of factors, none of which, in our view, require a reversal of the Board in the present case.

King first argues that the tests conducted here were necessary and even Dr. Generalovich testified that the tests had to be performed. While King's argument has a certain initial appeal we must reject it. In the present case, King's pre-existing medical condition and the work-related disability both involved his heart. To show the fallacy in King's reasoning, we give the following example. Assume for the moment that a claimant has pre-existing coronary artery disease but, unlike King, was disabled because of a broken leg which refused to heal. No one could argue persuasively that the employer there should be responsible for treatment of the heart condition. While the testing was necessary, we believe that the employer in a workmen's compensation case is responsible for paying only those expenses related to the work related disability. We know of no workmen's compensation cases where an employer is responsible for paying any expenses not related to the accident or injury at work.

King cites a number of cases, arguing that they support his position. He first relies upon *Deremer v. Workmen's Compensation Appeal Board (R.J. Glass, Inc.),* 61 Pa. Commonwealth Ct. 415, 433 A.2d 926 (1981). In that case, we did state, "[T]he fact that the claimant's injury was no longer compensable does not in and of itself preclude him from obtaining reimbursement expenses...." *Id.,* 61 Pa. Commonwealth Ct. at 420, 433 A.2d at 929. Claimant's reliance upon this case is misplaced for two reasons. First, the referee here did not decide the expenses were not reimbursable because King was no longer disabled; he held that the expenses incurred were not related to the work-re-

lated disability. In *Deremer*, there was no question that the expenses there were causally connected. Second, this language upon which King relies was necessitated because of an amendment to Section 306 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531. Before 1978, language in the Act was such that we had held that a claimant must be suffering a compensable injury to obtain payment for medical expenses incurred. That language was amended so that the existence of a compensable injury was no longer required and *Deremer* was our first opportunity to recognize that change. *Deremer* does not stand for the proposition that an employer can be responsible for non-work related medical expenses.

King next cites *Schroeder v. Workmen's Compensation Appeal Board (City of Reading)*, 116 Pa. Commonwealth Ct. 130, 541 A.2d 410 (1988), arguing that we held therein that "medically accepted treatment for a cardiac insufficiency which required hospital stay and sufficient tests were compensable even though it was determined that pre-existence of heart disease was the problem." (Petitioner's brief, p. 13). While *Schroeder* does so hold, it is factually inapposite to the present case.

In *Schroeder*, a fireman suffered chest pains while driving to the scene of a fire. When the pains did not abate, a paramedic drove the fireman to the hospital. He received treatment which relieved the pains; the doctor admitted the fireman to the hospital for a series of tests. Within five days, the tests showed that the fireman had not suffered a heart attack but was diagnosed as suffering from cardiac insufficiency. A cardiac catheterization was scheduled approximately seven weeks later. After that test was done, the fireman was diagnosed as having pre-existing coronary arteriosclerosis and angina. Shortly after the test was completed, the claimant was released from the hospital. He returned to work five weeks later. He applied for benefits. Both the claimant's medical expert and the employer's agreed that the treatment and testing done were the accepted form of treatment at that time for cardiac insufficiency.

The employer's doctor noted that since that time, accepted treatment is to do the catheterization almost immediately; he stated that if the incident had occurred at the time his testimony was taken, the claimant would have been diagnosed and out of the hospital much sooner. The referee denied the claimant's petition, holding that he suffered a disabling work-related coronary insufficiency but that the disability ended the same day. The referee, therefore, held that the disability did not exceed seven days as required by Section 306(e) of the Act, 77 P.S. § 514. When the Board affirmed, an appeal was taken to this Court. We held that the referee's crucial finding, i.e., that the disability's onset and cessation occurred the same day, was not supported by substantial evidence. In spite of the referee's fact-finding power, we held that the testimony of the employer's medical expert established that the treatment and its timing were accepted at that time. As we stated, "Having to remain in a hospital and undergo tests and treatments for a work-related cardiac insufficiency necessarily resulted in a loss of income to Mr. Schroeder. Thus, we conclude that the work-related disability began [at the onset of the chest pains] and continued until the completion of the cardiac catheterization...." 116 Pa. Commonwealth Ct. at 134, 541 A.2d at 412.

In our view, *Schroeder* is distinguishable for two reasons. First, the cardiac insufficiency requiring the testing occurred while on the job. In the present case, King's insufficiency occurred while he was disabled from working. Furthermore, in *Schroeder*, both of the experts agreed that the cardiac insufficiency was work related. In the present case, Dr. Generalovich, the employer's expert, testified that the problem requiring the tests was not work related. For both of these reasons, we do not believe that *Schroeder* supports King's arguments.

Finally, King relies upon *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass Works)*, 515 Pa. 315, 528 A.2d 580 (1987), for support of his argument that he is entitled to benefits. That case provides no such

support. There, a worker suffered from a pre-existing condition which was aggravated whenever she attempted to do her job. While the claimant there established the necessary causal connection between the injury and her job, King, in the present case, has failed to prove to the fact finder the necessary causal connection.

King finally relies upon the well established principle that the Act is remedial in nature and is to be interpreted liberally in favor of injured workers. While we cannot argue with that proposition, we must note that even the most liberal construction of the Act cannot do away with the need of establishing a causal connection between the injury and the job.

Affirmed.

## ORDER

NOW, March 30, 1990, order of the Workmen's Compensation Appeal Board, dated May 9, 1989, at No. A–95439, is affirmed.