588 A.2d 971

Lawrence MARALDO, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(CITY OF PITTSBURGH), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 13, 1990.

Decided Oct. 9, 1990.

Publication Ordered
March 27, 1991.

Petition for Allowance of Appeal
Denied June 14, 1991.

Bryan Campbell, Pittsburgh, for petitioner.

Irvin S. Bails, with him, Jay Costa, Jr., Delle Donne, Frank, Bails & Kirk, P.C., Pittsburgh, for respondents.

Before CRAIG, President Judge, PELLEGRINI, J. and CRUMLISH, Jr., Senior Judge.

CRAIG, President Judge.

Lawrence Maraldo appeals a decision of the Workmen's Compensation Appeal Board that affirmed a decision of a referee granting benefits for a limited period for Maraldo's angina and denying Maraldo's claim for continuing benefits for his coronary condition and by-pass surgery.

The undisputed elements of the referee's findings are as follows. The City of Pittsburgh employed Maraldo as a police officer. On April 3, 1987, while on duty, Maraldo and his partner were called to the scene of an accident. Because a guard rail involved in the accident obstructed traffic, Maraldo, his partner, and two other officers, moved the rail so that it would not be a traffic hazard. That exercise required great effort. Shortly after the officers moved the rail, Maraldo began to experience chest pain. Physicians diagnosed his chest pains as angina, and admitted Maraldo to St. Francis Hospital. A catheterization was performed at the hospital which revealed the presence of coronary disease. The hospital released Maraldo on April 9. However, on April 14, Maraldo was readmitted for by-pass surgery.

Maraldo filed a claim petition alleging that he was totally disabled because of the injuries he sustained on April 3, while attempting to move the guard rail. Maraldo claimed that his work related injury was "severe, disabling angina pectoris resulting in myocardial ischemia and the need for by-pass surgery." The employer denied the claim on the grounds that Maraldo's alleged disability, specifically his

heart condition, did not arise in the course of employment, nor did his employment aggravate a pre-existing condition.

A referee conducted hearings on the claim petition, at which Maraldo amended his petition to include an alleged injury to his lungs and heart as a result of his work-related injury. Maraldo testified, and both parties offered depositions from medical experts.

The referee concluded that Maraldo's angina was a work-related injury that rendered him totally disabled. The referee awarded costs and reasonable medical expenses for the limited period of April 3 through April 9, 1987, the period during which Maraldo's angina was treated.

The referee accepted the testimony of the City's medical expert, and rejected the testimony of Maraldo's expert. The referee found that an underlying coronary disease from which Maraldo suffered precluded him from returning to work and necessitated his by-pass surgery, but that his angina pectoris, the work-related disability for which the referee awarded benefits, did not cause his coronary disease and precipitate his need for surgery.

On appeal, the board affirmed the referee's decision, concluding that substantial evidence supported the referee's findings and determination that Maraldo had not met his burden of proof in establishing his claim for continuing compensation for his heart condition.

Maraldo appeals that decision, raising the following issues: (1) Whether the medical evidence he offered was sufficient to establish that his work-related injury caused his continuing disability; (2) Whether the City failed to sustain its burden of proving that Maraldo's work-related injury ceased; and (3) Whether Maraldo is entitled to attorney's fees and costs of pursuing his claim under Section 440 of The Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 996.

■ Although Maraldo has phrased his first issue in terms of the sufficiency of the evidence, our inquiry must focus on whether substantial evidence supports the ref-

eree's finding that Maraldo's only work-related injury was his angina, a condition the referee determined had ceased within one week of the injury.

The testimony in the record supports the referee's finding that Maraldo's physical exertion when he and his fellow officers moved the guard rail caused his angina. Also, because the referee did not find credible the testimony of Maraldo's medical expert on the issue of causation of Maraldo's underlying coronary condition, the referee did not err in concluding that Maraldo's employment as a police officer did not cause that condition.

■ Maraldo also claims that the City has not satisfied its burden of proving that Maraldo's work-related injury had ceased. As the City points out, the medical experts testified that the work-related symptoms of angina—chest pains and high blood pressure—ceased during his hospital stay. That testimony supports the referee's finding that Maraldo's work-related angina ceased by the time he was released from the hospital.

Nevertheless, Maraldo argues that the referee's decision does not conform to decisional law which he contends supports his position.

Maraldo relies on the Supreme Court's decision in *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass)*, 515 Pa. 315, 528 A.2d 580 (1987), to support his argument that he is entitled to compensation for his underlying coronary condition. That decision indicates that claimants are entitled to compensation for disabilities even if the claimant has a pre-existing condition that renders him susceptible to the disabling condition.

However, the facts in Maraldo's case are distinguishable from those in *Farquhar* because, although Maraldo's preexisting coronary condition rendered him susceptible to angina, the referee specifically found that Maraldo had recovered from his angina. In *Farquhar*, the court quoted its decision in *Halaski v. Hilton Hotel*, 487 Pa. 313, 409 A.2d 367 (1979):

The fact that an employee was afflicted with a pre-existing physical defect or ailment which rendered him more or less susceptible to injury than an entirely normal person will not bar recovery.

The injury need not be the sole or exclusive cause of the disability. It is sufficient if the injury materially contributed to the disability resulting from the natural progress of the pre-existing condition. 487 Pa. at 318–19, 409 A.2d at 370 (citations omitted).

515 Pa. at 328, 528 A.2d at 587.

Maraldo also relies on *Pawlosky v. Workmen's Compensation Appeal Board*, 514 Pa. 450, 525 A.2d 1204 (1987). The issue in that case was whether a disability caused by a job-related aggravation of a pre-existing disease was compensable. That decision involved a claimant who had an asthma condition. The court held that the claimant had met his burden of proving that the adverse effect of chemical fumes in the workplace on his pre-existing condition constituted an injury arising in the course of employment.

However, Maraldo has not established that his work duties had an adverse affect on his pre-existing coronary condition. The referee's determination that the angina attack Maraldo sustained had no effect on his pre-existing heart condition is supported by substantial evidence. In this case, the angina did not aggravate his pre-existing coronary condition. Rather, the non-work-related underlying coronary condition led to his symptomatic angina. Hence, neither *Farquhar* nor *Pawlosky* are applicable.

The claimant's reliance on *L.E. Smith Glass Company v. Workmen's Compensation Appeal Board (Hoyman)*, 102 Pa.Commonwealth Ct. 268, 517 A.2d 1031 (1986) is also unavailing because, in that decision, the court found that the claimant was disabled because of his unstable angina. In this case, the referee determined that Maraldo had recovered from his angina following treatment.

The court in *L.E. Smith Glass Company* relied on this court's decision in *Penn Cambria School District v. Work-*

*men's Compensation Appeal Board*, 52 Pa.Commonwealth Ct. 244, 415 A.2d 943 (1980). Although the *Penn Cambria* decision supports the general proposition that a claimant may be entitled to total disability benefits where work-related exertion caused the claimant to have resulting disabling symptoms of the underlying disease, we are bound by the referee's findings that the claimant's work-related symptom—the angina—had ceased.

This court's decision in *Schroeder v. Workmen's Compensation Appeal Board (City of Reading)*, 116 Pa.Commonwealth Ct. 130, 541 A.2d 410 (1988) is analogous to the facts in this case. In *Schroeder*, the court reversed the referee's conclusion that the claimant's work-related injury began and ended the same day.

Schroeder, a fireman, suffered chest pains while driving a fire truck. Schroeder went to an emergency room where he received treatment that relieved the chest pain. The treating physician admitted Schroeder for observation and testing. The physician diagnosed Schroeder as having unstable angina and coronary disease, and recommended that Schroeder have a catheterization. Schroeder was readmitted to the hospital approximately seven weeks later for the catheterization.

In reversing the referee's decision limiting the period of disability, this court stated that "[h]aving to remain in a hospital and undergo tests and treatments for the work-related cardiac insufficiency necessarily resulted in a loss of income to Mr. Schroeder." 116 Pa.Commonwealth Ct. at 134, 541 A.2d at 412. The court concluded that the claimant was entitled to benefits for the period of treatment for his work-related angina condition.

Thus, the referee correctly awarded benefits solely for the treatment of Maraldo's work-related angina condition. Because this decision affirms the board's decision and the employer's position, the claimant's request for counsel fees is denied.

## ORDER

Now, October 9, 1990, the decision of the Workmen's Compensation Appeal Board, dated January 5, 1990, No. A–97693, is affirmed, and the claimant's request for counsel fees is denied.

PELLEGRINI, J., did not participate in the decision in this case.