620 A.2d 41

**DOWTY CORPORATION, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (McKELVEY), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 22, 1992.

Decided Jan. 5, 1993.

Reargument Denied March 10, 1993.

468

Joseph F. Grochmal, for petitioner.

Timothy Conboy, for respondent.

Before McGINLEY, and KELLEY, JJ., and SILVESTRI, Senior Judge.

McGINLEY, Judge.

Dowty Corporation (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that modified a referee's decision by holding that the referee could not authorize Employer to cease paying medical bills prior to the date of a referee's decision that held those medical expenses to be unreasonable. We affirm.

Ronald J. McKelvey (Claimant) suffered a compensable injury in the nature of a left shoulder strain while working for Employer on June 23, 1985. Pursuant to a notice of compensation payable issued by Employer's insurer, Claimant began receiving $183.80 in weekly compensation benefits. Following the injury, Claimant sought treatment from Leonard Merkow, M.D. (Dr. Merkow) a physician board-certified in anatomical and clinical pathology who currently practices internal medicine. Dr. Merkow treated Claimant several times a week since August 3, 1987. This treatment included injections of approximately twenty different drugs on a continuing or alternate basis, as well as physiotherapy, including ultrasound and heat therapy.

On May 3, 1989, Employer filed a review petition challenging "items of medical expense submitted [by Claimant] and/or treatment related to injury of July 23, 1985, as being unreasonable, unnecessary or not caused by a work-related injury."[1] In its review petition Employer also requested a supersedeas.[2] After filing the review petition, Employer ceased paying the medical bills submitted by Dr. Merkow for Claimant's treatment. Claimant filed an answer to Employer's petition alleging that Employer unreasonably refused payment of his medical expenses. A hearing was held at which Employer presented the deposition testimony of J. William Bookwalter, III, M.D. (Dr. Bookwalter), a neurosurgeon. Dr. Bookwalter testified that Dr. Merkow's treatment of Claimant was neither reasonable nor necessary. Claimant presented the deposition testimony of Dr. Merkow. He testified that his continuing treatment of Claimant was necessary to relieve Claimant's pain.

The referee accepted Dr. Bookwalter's testimony as credible and rejected Dr. Merkow's testimony as not credible. As a result, the referee concluded that Dr. Merkow's treatment was neither reasonable nor necessary and relieved Employer of its obligation to pay for Dr. Merkow's treatment as of May 3, 1989, the date Employer's petition was filed. Pursuant to our decision in *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services)*, 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990), the Board modified the referee's decision by holding Employer liable for Claimant's medical expenses until July 10, 1990, the date of the referee's decision. Employer appeals.

On appeal, Employer alleges that application of the *Boehm* rule and requiring an employer pay for unreasonable

1. Although Employer's petition may be interpreted as alleging in part that the challenged medical treatment was for an unrelated condition not caused by Claimant's work injury, Employer presented no evidence that Dr. Merkow's treatment was for any condition other than Claimant's left shoulder strain. Instead, Employer contends that, where a claimant is no longer injured, any treatment is not causally related to such injury. *See* Employer's brief at 6, 26.

2. Employer's request for supersedeas was denied by the referee in an interlocutory order dated September 25, 1989.

and unnecessary medical treatment until the date of a referee's decision relieving such an obligation: (1) violates Employer's constitutional right to due process of law; (2) violates Employer's constitutional right to equal protection of the laws; (3) violates The Pennsylvania Workmen's Compensation Act (Act);[3] (4) creates inconsistent precedent; and (5) violates the rule against retroactive application of the law. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether any necessary finding of fact is not supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

Employer's first contention is that applying the *Boehm* rule to the present case violates Employer's constitutional right to procedural due process under the Fourteenth Amendment to the Constitution of the United States.[4] In *Boehm,* this Court noted that a referee cannot authorize an employer to cease paying a claimant's medical expenses prior to the date of the referee's decision. 133 Pa.Commonwealth Ct. at 463, 576 A.2d at 1167. Employer contends that this rule deprives it of a substantial property interest, i.e. its money, without due process of law. However, this is not the first time this issue has been before us. In *Department of Labor & Industry, Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Commercial Union Insurance Co.),* 137 Pa.Commonwealth Ct. 387, 586 A.2d 496 (1991), this Court determined that paid-out medical expenses determined to be unreasonable or unnecessary do constitute compensation which can be reimbursed from the supersedeas fund. *Id.* at 392, 586 A.2d at 499. In *Commercial Union,* we further noted, "Because the insurance companies can recoup from the fund, we do not need to address the constitutional due process issue." *Id.* In the present case, Employer applied for a

3. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.
4. The Fourteenth Amendment provides in pertinent part: "Nor shall any state deprive any person of life, liberty, or property without due process of the law." U.S. Const. amend. XIV.

supersedeas, which was denied by the referee. Accordingly, Employer is entitled to reimbursement from the supersedeas fund.

■ Again, in *Adia Personnel Agency v. Workmen's Compensation Appeal Board (Coleman)*, 137 Pa.Commonwealth Ct. 405, 586 A.2d 507 (1991), we concluded that because an insurer can be reimbursed for all unnecessary medical expenses, there is no need to address the issue of due process. *Id.* at 409, 586 A.2d at 509. Furthermore, Judge Doyle, in his concurring opinion in *Adia*, noted:

> While Adia claims it has a property right in the funds it will expend for the challenged medical services, in my view these expenditures do not bring due process considerations into play as they are only the administrative costs attendant on doing business.

*Id.* at 413, 586 A.2d at 511. In view of our decisions in *Commercial Union* and *Adia* we conclude that requiring Employer to pay medical expenses until a referee determines that such expenses are actually unreasonable does not violate Employer's due process rights.

■ Employer's second contention is that applying the *Boehm* rule to the present case amounts to a denial of equal protection.[5] Employer argues that employers, as a class, are treated differently under the *Boehm* rule than employees, as a class. Employer contends that successful employers are deprived of property without due process, a fundamental right, while successful and unsuccessful claimants suffer no such deprivation and receive payments for medical treatment even when the treatment is eventually adjudicated to be unreasonable and unnecessary.

However, as noted herein, payments of medical services under the Act are properly characterized as administrative costs of doing business in this state and do not bring due process considerations into play. *Adia.* We believe that

---

**5.** The Equal Protection Clause of the Fourteenth Amendment provides: "No state shall make or enforce any law which shall ... deny to any person within its jurisdiction the equal protection of the laws. U.S. Const. amend. XIV.

requiring the employer to make the initial payment of medical services, even though the treatment is challenged as unreasonable, is a rational means of achieving the legitimate government interest in protecting workers from the potentially devastating economic and medical consequences that could result if we permitted the employer unilaterally to cease paying medical bills. *See Johnson v. Workmen's Compensation Appeal Board (Albert Einstein Medical Center)*, 137 Pa.Commonwealth Ct. 176, 181, 586 A.2d 991, 994 (1991). Accordingly, we conclude that Employer's right to equal protection of the laws is not violated by requiring the employer to pay for medical services pending review by a referee.

■ Employer's third contention is that applying the *Boehm* rule to the present case violates the Act. Employer argues that Section 306(f) of the Act, 77 P.S. § 531, requires that employers pay only for reasonable medical services and prohibits payment of unnecessary or unreasonable medical expenses. As noted in *Commercial Union*, paid-out medical expenses that are determined to be unreasonable or unnecessary do constitute compensation that is reimbursable from the supersedeas fund. And in *Adia*, we noted that no section of the Act authorizes a discretionary supersedeas regarding payment of medical expenses. 137 Pa.Commonwealth Ct. at 408, 586 A.2d at 508. A policy of cutting medical aid before an adjudication, based upon the danger that employers are sometimes compelled to pay temporarily for unreasonable medical expenses, is less desirable and less reasonable than a policy that requires payment of a disabled claimant's medical bills pending review. When the danger of temporary financial harm to the employer is weighed against the health and welfare of the claimant, the equities weigh in favor of the claimant. Again, consistent with *Adia* we believe that payment of medical expenses prior to a referee's determination that they are unreasonable does not violate Section 306(f) of the Act.

■ Employer's fourth contention is that applying the *Boehm* rule to the present case creates inconsistent precedent. In support of its position, Employer cites *King v. Workmen's*

*Compensation Appeal Board (Wendell H. Stone Co.)*, 132 Pa.Commonwealth Ct. 292, 572 A.2d 845 (1990). In *King* we upheld a referee's determination that the employer was not liable for medical treatment which had been provided to the claimant unless the condition requiring the treatment was work-related. *Id.* at 297, 572 A.2d at 848. In the present case, Dr. Merkow's treatment of Claimant was specifically for his work-related injury. Similarly, in *Koszowski v. Workmen's Compensation Appeal Board (Greyhound Lines)*, 141 Pa.Commonwealth Ct. 253, 595 A.2d 697 (1991), another case portrayed by Employer as inconsistent with *Boehm*, this Court merely noted that medical expenses, to be reimbursed, must be causally connected to a claimant's disability. *Id.* at 259, 595 A.2d at 700. Here, Dr. Merkow's treatment was causally connected to Claimant's work-related injury.

Employer's fifth contention is that applying the *Boehm* rule in the present case amounts to a retroactive application of the law. Employer cites *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), where the United States Supreme Court established a three prong test for determining whether legal precedent should be applied retroactively. Employer argues that it relies on our decision in *Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck and Co.)*, 104 Pa.Commonwealth Ct. 175, 521 A.2d 503, *petition for allowance of appeal denied*, 516 Pa. 644, 533 A.2d 714 (1987). In *Glinka*, the employer had refused to pay the claimant's alleged medical expenses and never filed a review petition challenging them. Nevertheless, the referee found the medical expenses (country club dues) to be unnecessary and denied recovery of the expenses. *Id.* at 180–81, 521 A.2d at 506. This Court affirmed the referee's denial of those expenses. Employer argues that since *Boehm* conflicts with *Glinka*, the balancing test in *Chevron Oil* must be used to determine whether the new precedent may be retroactively applied.

This issue was addressed in *Johnson v. Workmen's Compensation Appeal Board (Albert Einstein Medical Center)*, 137 Pa.Commonwealth Ct. 176, 586 A.2d 991 (1991). In *Johnson* this Court contrasted *Boehm* with *Glinka* and noted:

The fact that an employer must pay all medical bills pending its petition for review of the necessity for those bills, and that such petition cannot act as an automatic or discretionary supersedeas, compels this interpretation [the *Boehm* rule] of the Act. Consequently, employers will no doubt be prompted to question the necessity of medical expenses as soon as possible. Claimants, on the other hand, will be protected from the potentially devastating economic consequences stemming from determinations which find medical services already rendered to be unreasonable or unnecessary. Further, and more to the point in this case, claimants will be protected from the potentially devastating economic *or medical* consequences stemming from an employer's unilateral cessation of payment of medical bills in violation of the Act.

*Id.* at 180–81, 586 A.2d at 994 (emphasis in original).

The order of the Board is affirmed.

## ORDER

AND NOW, this 5th day of January, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.